IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 04-cv-01160-LTB-CBS

ISABELLE DerKEVORKIAN,

        Plaintiff,

v.

LIONBRIDGE TECHNOLOGIES, INC., d/b/a LIONBRIDGE US, INC.,

        Defendant.

_____

ORDER
_____

This case is before me on a Motion to Discharge the Supersedeas Bond filed by Defendant, Lionbridge Technologies, Inc., d/b/a Lionbridge U.S., Inc., [**Doc # 166**] following a remand of this case by the Tenth Circuit. Plaintiff, Isabelle DerKevorkian, opposes this request. Oral arguments would not materially assist me in the determination of this motion. After consideration of the parties' briefs and arguments, I DENY the motion for the following reasons.

## I. BACKGROUND

DerKevorkian, a citizen of France, brought this lawsuit against Lionbridge, her former employer, following a dispute arising out of a failed attempt to obtain for her a permanent residence "green card." In December 2006, a jury returned a verdict in favor of DerKevorkian on her claims for breach of contract and breach of fiduciary duty.

Because the economic damages were common to both the breach of contract and the breach of fiduciary duty claims, the jury awarded DerKevorkian the single amount of

$313,370.20 in economic damages pursuant to the special verdict forms. After trial, I ruled that this award was not supported by the evidence and, as such, reduced it on remittitur to $221,433. The jury also awarded DerKevorkian $1,000,000.00 in non-economic damages on her breach of fiduciary duty claim pursuant to the special verdict form. I likewise reduced this award to $366,250, as the maximum non-economic damages permitted under state law pursuant to Colo. Rev. Stat. § 13-21-102.5(3)(a). The jury was also instructed on Lionbridge's mitigation of damages affirmative defense generally as to both DerKevorkian's breach of contract and breach of fiduciary duty claims.

Both parties appealed to the Tenth Circuit Court of Appeals. On December 3, 2008, the Tenth Circuit ruled that I erred when instructing the jury on Lionbridge's mitigation of damages affirmative defense; specifically, Lionbridge's defense that DerKevorkian could have mitigated her damages, and remained in the United States, by taking a lead translator position at the same salary, as offered by Lionbridge. *See DerKevorkian v. Lionbridge Technologies, Inc.,* 2008 WL 5077720 (10th Cir. 2008)(not selected for publication). The Tenth Circuit ruled that the jury should have been allowed to evaluate whether it was reasonable for DerKevorkian to refuse to accept the demotion to the translator job in an effort to minimize her damages. As a result, the Tenth Circuit reversed and remanded the case to me "for a new trial on damages for breach of a fiduciary duty, in accordance with this opinion." *Id.* at 13.

Thereafter, Lionbridge filed the motion at issue here in which it seeks discharge of supersedeas bond #104952325 (for $936, 821.65) on the grounds that the Tenth Circuit reversed and remanded this case for a new trial on the damages. As such, Lionbridge asserts that there is no final judgment or award of money damages against them and, therefore, nothing for the supersedeas bond to secure. DerKevorkian filed an objection in which she argues that the bond

should remain in full force and effect.

## II. SCOPE OF REMAND

As a threshold issue, I first address the parties' disagreement about the scope of the remand from the Tenth Circuit. Lionbridge asserts that the remand for a new trial on damages includes a re-assessment of the jury award for both the non-economic damages awarded on the fiduciary duty claim, as well as the economic damages which were awarded on both the fiduciary duty claim and the contract claim. In contrast, DerKevorkian argues that the remand is limited to a retrial on the damages awarded by the jury on the fiduciary duty claim for her non-economic damages only.

On appeal, Lionbridge argued that I erred when ruling that DerKevorkian had sufficiently alleged and proved a confidential fiduciary relationship (independent of any contractual employer-employee relationship) with Lionbridge in support of her breach of fiduciary duty claim. The Tenth Circuit affirmed my legal determination that DerKevorkian had sufficiently proved a confidential fiduciary relationship. However, as discussed above, the Tenth Circuit found that I erred when I instructed the jury on DerKevorkian's obligation to mitigate her damages.

Specifically, the Court of Appeals ruled that "while we agree that Lionbridge assumed a [fiduciary] duty to DerKevorkian, and there is sufficient evidence in the record to uphold the jury's verdict finding a breach of that duty, we regard DerKevorkian as assuming a duty as well. Her duty, in turn, brings us to the issue of her obligation to mitigate her damages stemming from Lionbridge's breach." *Id.* at 10. After reviewing the applicable law, the Tenth Circuit found that "Lionbridge should have been able to present squarely before the jury the question of

whether, in addition to any other action on her part, DerKevorkian had some 'duty' to accept the translator job in order to obtain her green card." *Id.* As a result, the Court of Appeals found that the general jury instruction I gave on mitigation of damages was insufficient, and that "some instruction giving the jury the opportunity to weigh DerKevorkian's duty to compromise to some extent to consider a less desirable job, if that meant she could obtain her green card, was in order." *Id.* at 12. Therefore, the Tenth Court ruled that "[w]e accordingly remand to the district court for a new trial on damages for breach of a fiduciary duty." The Court went on to note that:

> We realize that, in a certain sense, a retrial on damages amounts to a retrial on liability. Had DerKevorkian taken the translator job, we assume she would have received her green card and would therefore have suffered no damage. Thus, if the jury determines that she should have done that in mitigation, in effect that could amount to a finding of no liability on Lionbridge's part. We do not, however, know to a certainty that she would have gotten her green card had she accepted the demotion to translator. As it is, DerKevorkian did not get her green card and, in determining the damage Lionbridge caused DerKevorkian because of that failure, the jury must be able to fully evaluate whether, or to what extent, DerKevorkian herself contributed to, or failed to mitigate, the damages she suffered.

*Id.* at 12. The Tenth Circuit then declined to address DerKevorkian's claim of error related to the calculation of pre-judgment interest due to its "remand for a retrial on damages." In its conclusion, the Court affirmed in part, and reversed and remanded "for a new trial on damages for breach of fiduciary duty, in accordance with this opinion."

After the ruling, Lionbridge filed a petition with the Tenth Circuit seeking clarification of the scope of remand for retrial on damages. In that petition, Lionbridge noted that the damage award reflected a single award for economic damages ($221,433.00) incurred by DerKevorkian on both her breach of contract claim and her breach of fiduciary duty claim. Because its mitigation defense applied to both claims, and the jury was likewise instructed as such, Lionbridge asked that the Tenth Circuit clarify that its remand for a new trial on damages

included the economic damages award in addition to the non-economic damages award. The Tenth Circuit denied Lionbridge's petition without comment.

Lionbridge now makes the same argument here. Its position is that the remand for a new trial on the damages awarded on the breach of fiduciary duty claim necessarily includes the economic damages (in addition to the undisputed non-economic damages), because the parties agreed that the economic damages were awarded on the fiduciary duty claim as well as the contract claim.

In response, DerKevorkian asserts that the limited mandate of the Tenth Circuit is solely for a "retrial on the damages for breach of fiduciary duty." Given the plain language of the mandate – in conjunction with the consistent language in the body of opinion which likewise limits the "remand to the district court for a new trial on damages for breach of a fiduciary duty" – as well as the Tenth Circuit's rejection of Lionbridge's petition seeking a ruling that the new trial should include reconsideration of both the economic and non-economic damages, DerKevorkian argues that the remand here is clearly limited to the damages on the breach of fiduciary duty claim and, as such, is limited to the non-economic damages award.

Although I agree with DerKevorkian that I am not permitted to deviate from the appellate court's mandate – *see e.g. Barber v. International Broth. of Boilermakers*, 841 F.2d 1067, 1070 (11th Cir. 1988) – I disagree that the plain language of the mandate here limits the retrial to non-economic damages only. Rather, while the mandate limits the retrial to the breach of fiduciary duty claim only, that claim encompassed both economic and non-economic damages. As discussed above, during the pendency of this case I determined that DerKevorkian was entitled to *both* economic and non-economic damages on her breach of fiduciary duty claim. Because she could not be awarded her economic damages twice – under both her breach of contract and

her breach of fiduciary duty claims – the parties stipulated the amount of actual/economic damages found by the jury was applicable to both claims. Accordingly, the jury was specifically instructed, at paragraph 5 of the special verdict form on the breach of fiduciary duty claim, as follows:

> What is the amount of the Plaintiff's actual damages, if any, ... that were caused by the breach of fiduciary duty by the Defendant? (The answer to this question should be left blank if you entered an amount of damages ... in the special verdict form for breach of contract because these damages cannot be recovered twice).

Because the jury entered the actual damages it found on the special verdict for the breach of contract claim, it properly left the amount blank on the special verdict form for the breach of contract claim as directed. As a result, DerKevorkian was awarded a single amount of economic damages on both claims, and additional non-economic damages on her breach of fiduciary duty claim only.

While the Tenth Circuit's remand is specifically limited to a retrial on the breach of fiduciary duty claim, it is not likewise limited to a retrial on the non-economic damages only. The Tenth Circuit opinion recognizes that all the damages awarded by the jury – both the economic damages and the non-economic damages – are subject to the new trial when it acknowledges that a retrial on damages "could amount to a finding of no liability." *See Procter & Gamble Co. v. Haugen,* 317 F.3d 1121, 1126 (10th Cir. 2003)("[t]he mandate consists of our instructions to the district court at the conclusion of the opinion, and the entire opinion that preceded those instructions").

I am not convinced that the Tenth Circuit's cursory denial of Lionbridge's petition, without discussion or analysis, amounts to a rejection of its argument. Moreover, the opinion is

clear that the reason for the remand for reconsideration of her damages is for the jury to be instructed to assess Lionbridge's mitigation defense; specifically, whether "DerKevorkian's duty to compromise to some extent to consider a less desirable job, if that meant she could obtain her green card, was in order." The faulty mitigation of damages instruction related to both the breach of contract and the breach of fiduciary duty claims and, in turn, also to both the economic and non-economic damages awarded by the jury. Specifically, the mitigation instruction applied to the "damages" generally, and was in no way limited to any of DerKevorkian's particular claims. As a result, I agree with Lionbridge's assertion that the Tenth Circuit's opinion cannot be read to limit a retrial on the non-economic damage award only; rather, when assessing the opinion as a whole and in light of the circumstances and prior rulings of this case, the retrial on damages must be for a new determination of both the economic and the non-economic damage award on the breach of fiduciary duty claim.

In addition, I also reject DerKevorkian's argument to the extent she asserts that on retrial the new jury may not reconsider the *amount* of damages that were awarded at the first trial, but rather can only assess whether the amount originally awarded should be *discounted* for DerKevorkian's failure to accept the translator position. In other words, DerKevorkian argues that liability and the fact of damages was affirmed and, as a result, the amount of damages awarded in the first trial must stand if the jury concludes that she acted reasonably when refusing the translator position. Alternatively, if the jury finds that she acted unreasonably, the jury should be instructed to reduce the amount of the damages previously awarded "depending on the jury's assessment of the financial and emotional impact of accepting the demotion." However, the opinion does not discuss or contemplate that the damages previously awarded would stand. Likewise, the opinion does not direct or in any way indicate that the retrial only consists of a jury

determination of whether DerKevorkian acted unreasonably when refusing the translator position and, if so, how that impacts or discounts the amount of damages previously awarded. Moreover, such a retrial would violate the Seventh Amendment's prohibition on the retrial of a single issue that is not "distinct and separable" from other previously tried factual issues. *See Gasoline Products Co. v. Champlin Refining Co.,* 283 U.S. 494, 51 S.Ct. 513, 75 L.Ed. 1188 (1931).

### III. DISCHARGE OF BOND

I next assess whether the supersedeas bond posted by Lionbridge should be discharged. Lionbridge seeks discharge on the basis that because the Tenth Circuit remanded for a new trial on all the damages – both economic and non-economic – there is no award of money damages against Lionbridge, no final judgment, and therefore nothing for the bond to secure.

In this case, as relevant here, the supersedeas bond provides that the obligation shall be void "if the Principal satisfies the judgment in full ... or if the Principal satisfies the part of the judgment and orders that is affirmed, together with such costs, interest and damages as the Court of Appeal may adjudge and award." [**See Doc #160**] Because the Court of Appeals did not award any damages, but instead in effect vacated the entire damage award, Lionbridge argues that it has "satisfied" the part of the judgment that was affirmed.

In *Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc.,* 532 F.3d 1063, 1070 (10th Cir. 2008), the Tenth Circuit reviewed whether a supersedeas bond became void after the case was affirmed as to liability but remanded for a retrial on damages. The Tenth Circuit compared the ruling in *Beatrice Foods v. New England Printing,* 930 F.2d 1572, 1576 (Fed. Cir. 1991) – in which the Federal Circuit determined that "when an appellee has proven that damages are due, and the remand is merely to determine the proper quantum of injury, then it is not

unreasonable that the bond remain effective during this recalculation period" – with the Fifth Circuit ruling in *Neeley v. Bankers Trust Co. of Tex.*, 848 F.2d 658, 659-60 (5th Cir. 1988) – which held that when the damage award is reversed because the plaintiff failed to prove damages, the surety's obligations are discharged. *Morrison Knudsen v. Ground Improvement Techniques, supra*, 532 F.3d at 1069-70.

In *Morrison Knudsen v. Ground Improvement Techniques, supra*, liability was affirmed, but several categories of damages, although not affirmed, were vacated merely because of a "procedural error" in that the general verdict made it "impossible to untangle the categories of damages for which there was sufficient evidence as compared to those which needed a retrial." *Id.* at 1071. Thus, the Tenth Circuit found that:

> This case lies somewhere between a remand for mere recalculation of damages, *i.e., Beatrice Foods*, 930 F.2d at 1576, and one in which no sum of damages was properly proved and the entire judgment was vacated, *i.e., Neeley*, 848 F.2d at 660. Because [Appellee] proved entitlement to some damages in the first trial, this case is more like *Beatrice Foods* and less like *Neeley*.

*Id.* at 1071. Therefore, the Tenth Circuit held that the bond was still enforceable because the appellant failed to prosecute its appeal "to effect" and the retrial did not result in the appellant "substantially prevailing." *Id.*

Here, the Tenth Circuit decision likewise did not overturn the jury determination of liability and the remand for a new trial on damages was not based on a challenge to the sufficiency of the evidence. Rather, the Tenth Circuit's conclusion that the jury was not properly instructed on DerKevorkian's duty to mitigate her damages only constitutes a procedural error in the determination of damages. In its opinion, the Tenth Circuit agreed that I did not err when I rejected a proffered instruction "directing the jury to find that DerKevorkian had failed to

mitigate her damages by refusing to take the translator position." *Id.* at 12. Rather, the Tenth Circuit commanded that "some instruction giving the jury the opportunity to weigh DerKevorkian's duty to compromise to some extent to consider a less desirable job, if that meant she could obtain her green card, was in order." *Id.* As such, the new jury could determine on re-trial that DerKevorkian should have mitigated her damages by accepting the translator position, but still incurred some economic and non-economic damages. For example, the jury could find that she incurred damages before they offered her the position of translator, or the jury could find that DerKevorkian would have incurred damages to her career by taking the translator position. While the Tenth Circuit noted in *dicta* that "[h]ad DerKevorkian taken the translator job, we assume she would have received her green card and would therefore have suffered no damage," it also acknowledged that no one knows "to a certainty that she would have gotten her green card had she accepted the demotion to translator." *Id.* at 12.

As a result, because Lionbridge's liability was affirmed, but damages would have to be determined in light of a proper mitigation instruction, the remand in this case is not purely a re-calculation of damages, nor is it a case in which the judgment was fully vacated because the damages were not proved. Like *Morrison Knudsen Corp. v. Ground Improvement Techniques, supra,* this is a case in which DerKevorkian proved entitlement to some damages in the first trial, but those damages must be re-assessed by a properly instructed jury on remand. Therefore, Lionbridge has not "satisfied the part of the judgment that is affirmed," as set forth in the language of the supersedeas bond, and I conclude that the bond remains in full force and effect. As a result, I deny Lionbridge's request seeking discharge of the supersedeas bond.

ACCORDINGLY, Defendant Lionbridge Technologies, Inc.'s Motion to Discharge

Supersedeas Bond Number 104952325 [**Doc # 166**] is DENIED.

Dated: March   18th  , 2009, in Denver, Colorado.

                                              BY THE COURT:

                                                s/Lewis T. Babcock  
                                              LEWIS T. BABCOCK,  JUDGE